UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>THOMAS ALLEN FROEHLICH,<br>SSN: xxx-xx-3927<br>LORI ANN FROEHLICH,<br>SSN: xxx-xx-4182<br><br>    Debtor. | Case No. 17-14231-JGR<br>Chapter 13 |

## OPINION AND ORDER

Approximately ten percent (10%) of the individual consumer cases in this District are filed by debtors *pro se* (without counsel). It is not uncommon for debtors to file a Chapter 7 case *pro se*, without fully understanding the consequences. Then, when the Chapter 7 Trustee seeks to sell assets for the benefit of creditors, such as their home, many *pro se* debtors hire counsel and convert the Chapter 7 case to a Chapter 13 case, retain their assets and pay creditors over time. That is what happened here. The Court does not believe debtors should be penalized for taking that route to Chapter 13.

## BACKGROUND

Thomas A. Froehlich and Lori A. Froehlich (the Debtors"), filed a Chapter 7 case without counsel on May 9, 2017. On the date of filing, they owned and resided in certain real property located at 6213 West 75th, Arvada, Colorado 80003 (the "Property"), with three custodial grandchildren.

The Chapter 7 Trustee filed an objection to the Debtors' Homestead Exemption in the Property on August 18, 2017, which the Court granted on September 5, 2017. Thereafter, the Debtors hired bankruptcy counsel and converted their Chapter 7 case to a Chapter 13 case on September 20, 2017. The Debtors amended their Statement of Financial Affairs and Schedules and filed a Chapter 13 plan on the same date.

The fourth Chapter 13 plan dated April 5, 2018 (the "Plan"), is under consideration for confirmation. Chapter 13 Trustee Adam M. Goodman ("Trustee") objected to confirmation of the four plans filed by the Debtors. One of the Trustee's continuing objections was the provision in the Plan that the Property re-vest in the Debtors upon confirmation. The Trustee's other confirmation objections have been satisfied. The parties have briefed the legal issues and agree there are no facts in dispute. The

Trustee's objection to confirmation of the Plan presents a legal issue for determination by the Court.

The Debtors originally valued the Property at $220,000 subject to a mortgage to Village Capital & Investment, LLC ("Village") in the amount of $149,000 in their Chapter 7 Schedules. In their amended Schedules and Plan, the Debtors valued the Property at $330,000, listed the secured debt to Village at $152,000 and claimed a $75,000 homestead exemption in the Property.

The Plan provides the Debtors will make the regular monthly mortgage payments for the Property of $942 directly to Village outside the Plan. The Plan also provides the Debtors will make six monthly plan payments in the amount of $928.12 and fifty-four monthly plan payments in the amount of $578, over five years for a total of $38,901, to the Trustee. Finally, since the Chapter 7 reconciliation in the Plan indicates there is sufficient equity in the Property to pay unsecured creditors in full, the Plan provides the Debtors will pay all non-student loan unsecured claims filed in this case totaling $23,149.22 in full at an interest rate of 1.1%.

The Court notes the form Chapter 13 plan recently adopted in this District (LBF 3015-1.1) on December 1, 2017, contains the following standard language at 10.7: "Revestment of Property in debtor: All property of the estate shall vest in the debtor at the time of confirmation of this Plan."

## ISSUE

Whether the Court should create a judicial exception to the estate termination theory adopted by the Tenth Circuit Court of Appeals (the "Tenth Circuit"), which holds property of the estate re-vests in debtors on confirmation of a Chapter 13 plan unless either the plan or confirmation order provides otherwise, for debtors who convert their cases from Chapter 7 to Chapter 13 to preserve non-exempt assets?

## ANALYSIS

Only a debtor can propose a Chapter 13 plan. *See* 11 U.S.C. § 1321 and *Bullard v. Blue Hills Bank,* 135 S. Ct. 1686, 1694 (2015). A debtor cannot be forced into a Chapter 13 case involuntarily. *See* 11 U.S.C. § 303(a). A debtor has an automatic right to dismiss a Chapter 13 case. *See* 11 U.S.C. § 1307(b) and *In re Sinischo,* 561 B.R. 176, 191 (Bankr. D.Colo. 2016). Thus, it is logical that only a debtor can determine the terms of the Chapter 13 plan and confirmation order.

Here, the Debtors propose the Property re-vest on confirmation following the applicable estate termination principle in this Circuit using the standard language in the standard plan form. 11 U.S.C. § 1322(b)(9) expressly provides a Chapter 13 plan can provide for revestment of property upon confirmation. 11 U.S.C. § 1325 states the court shall confirm a plan which satisfies the requirements of 11 U.S.C. § 1325.

11 U.S.C. § 1306 provides:

Property of the estate

(a) Property of the estate includes, in addition to the property specified in section 541 of this title --

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, or 11, or 12 of this title, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

11 U.S.C. § 1327 provides:

Effect of confirmation

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

There is conflicting language in the two sections. On one hand, 11 U.S.C. § 1306 provides property of the estate includes not only property owned by the debtors on the date of filing, but also includes post-petition earnings from services of the debtor and property acquired by the debtor post-petition. On the other hand, 11 U.S.C. § 1327(b) provides all property of the estate revests in the debtor upon plan confirmation unless the plan or confirmation order provide otherwise.

The Tenth Circuit adopted the estate termination approach in the case of *In re Talbot*, 124 F.3d 1201, 1208 (10th Cir. 1997). In *Talbot,* the Chapter 13 trustee sought disgorgement of funds paid to the IRS to satisfy a tax lien following the post-confirmation sale of the debtor's home arguing the home was property of the bankruptcy estate. The Tenth Circuit rejected the trustee's argument and ruled, "Because neither the Plan nor the order confirming the Plan provides otherwise, the Talbots residence revested in them upon confirmation of the Plan. 11 U.S.C. § 1327(b)." *Talbot* at 1208.

Courts have struggled with reconciling the two statutes and developed four different approaches as to what constitutes property of the estate after confirmation of a Chapter 13 plan. The case of *Sender v. Golden,* 528 BR 803 (Bankr. D. Colo. 2013), contains an excellent survey of the approaches. The four interpretations of the interplay between the two statutes are: (i) estate preservation, (ii) modified estate preservation, (iii) estate transformation, and (iv) estate termination. *Id.* at 807. All theories except the estate preservation approach are based on the concept the property revests in the debtor upon plan confirmation unless the plan or confirmation order provide otherwise.

In *Sender v. Golden,* the debtor sold his house post-confirmation and transferred the net proceeds of the sale to a former spouse. Then, the debtor converted his case to a case under Chapter 7. The Chapter 7 Trustee sued the spouse contending she was the recipient of an avoidable post-petition transfer under 11 U.S.C. § 549(a). That section states a post-petition transfer of property of the estate may be avoided if the transfer was made after the commencement of the case and was not authorized either under the Bankruptcy Code or by the bankruptcy court. Following the estate termination theory, the court found there was no transfer of property of the estate because the property revested in the debtor after confirmation of his Chapter 13 plan and dismissed the complaint.

The estate termination theory provides property of the estate is re-vested in the debtor upon confirmation, including any earnings or property acquired post-confirmation. Thus, a debtor "enjoys full ownership and control over the property after the date of confirmation" and "has no obligation to maintain possession of the property due to the effect of revesting upon confirmation" *Sender v. Golden,* at page 809. Thus, a debtor in this District in a Chapter 13 case can sell real and personal property after confirmation without either a court order or notice to the Chapter 13 trustee or creditors.

The Debtors claim the Tenth Circuit's adoption of the estate termination theory is dispositive. They argue the Trustee's objection is based on speculation, and the Court should confirm the Plan and give them a fair opportunity to complete their Plan. The Court agrees. The Court endorses the estate termination concept because it allows Chapter 13 debtors to move on with their lives in the three to five-year period it takes to complete a Chapter 13 plan without the stigma of bankruptcy hanging over their head. Also, 11 U.S.C. § 1327(b) makes no reference to whether the Chapter 13 case has previously been converted from another chapter.

The Court envisions at least eight possible scenarios in the future in this case in which the Debtors seek to remain in a bankruptcy case and obtain a discharge of their debts. These scenarios all assume the Debtors do not seek to dismiss their case and that the values for residential real property in the Denver metropolitan area continue to appreciate over the five-year term of the Plan.

First, the Debtors make all plan payments, remain current on the mortgage and obtain their Chapter 13 discharge.

Second, the Debtors default on the mortgage, lose the Property to relief from stay and foreclosure, complete their plan payments and obtain their Chapter 13 discharge.

Third, the Debtors default on the mortgage, lose the Property to relief from stay and foreclosure, default on their plan payments, convert their case to Chapter 7 and obtain their Chapter 7 discharge.

Fourth, the Debtors remain current on the mortgage but default on their plan payments, convert their case to Chapter 7 and obtain their Chapter 7 discharge. Under this scenario, the Property becomes property of the Chapter 7 estate, with the value of the Property determined on the date of conversion.

Fifth, the Debtors sell the Property, pay the mortgage and receive proceeds equal to or less than their homestead exemption, either spend or segregate the proceeds, convert their case to Chapter 7 and obtain a Chapter 7 discharge.

Sixth, the Debtors sell the Property, pay the mortgage and receive proceeds above the homestead exemption, pay the total balance owed under the Plan and obtain their Chapter 13 discharge.

Seventh, the Debtors sell the Property, pay the mortgage and receive proceeds above the homestead exemption, convert their case to Chapter 7, pay the Chapter 7 Trustee the proceeds in their possession at the time of conversion above the homestead exemption and receive their Chapter 7 discharge.

Eighth, the Debtors sell the Property, pay the mortgage and receive proceeds above the homestead exemption, spend the proceeds, convert their case to Chapter 7 and attempt to obtain their Chapter 7 discharge.

It is the eighth scenario that troubles the Trustee. If the plan provides the Property does not re-vest in the Debtors on confirmation, it remains property of the estate and the Debtors will have to obtain an order authorizing the sale of the Property on notice to the Trustee and creditors. Such a procedure provides the Trustee and creditors with notice of the terms of the sale and, importantly, whether the Debtors are receiving proceeds above the homestead exemption and how they propose to handle any excess proceeds.

The Trustee contends that since the Debtors converted their case from Chapter 7 to Chapter 13 to avoid having the Chapter 7 Trustee sell the Property, it should not revest in them upon confirmation. If the Property re-vests, the Debtors can sell the Property without court supervision and there are no safeguards in place to protect the unsecured creditors. On the other hand, if the Plan provides the Property does not re-vest, the Property will remain property of the estate and be preserved in the event of a future reconversion of the case. Finally, if the facts of scenario eight come true, the Trustee argues the Debtors loss of their discharge due to spending the excess proceeds from the

5

sale of the Property above the Homestead Exemption amount is not a sufficient remedy for unsecured creditors whose claims were to be paid 100% under the Plan.

The Trustee cites six Chapter 13 cases in support of his position, all of which are distinguishable. The cases of *Security Bank of Marshalltown v. Neiman,* 1 F.3d 687 (8th Cir. 1993), *In re Kolenda,* 12 BR 851 (US Dist. W.D. MI 1997), *In re Farmer,* 150 BR 68 (Bankr. N.D. Ala. 1991), and *In re Aneiro,* 72 BR 424 (Bankr. S.D.Cal 1987), are distinguishable because the courts in those cases adopted the estate preservation approach, which is not the applicable law in the Tenth Circuit.

The cases of *In re Fatsis,* 405 B.R. 1 (1st Cir. BAP 2009), and *Patterson v. Homecomings Fin., LLC,* 425 BR 499 (US Dist. E.D. WI 2010), are also distinguishable because the confirmation orders in those cases contained specific language that all property of the estate shall remain under the exclusive jurisdiction of the court and the debtor was prohibited from selling such property without the consent of the Chapter 13 trustee, or the court.

The Trustee gives no guidance on the parameters of the requested judicially created exception. For example, how much equity is enough to prevent re-vesting, $5,000, $50,000, $100,000, $500,000 or more? Does it matter if the plan pays little or nothing to unsecured creditors? Does it matter if the debtor initially filed the Chapter 7 case without counsel? Does it matter if the asset is real or personal property? What if the value of the property decreases over the five-year life of the Plan?

The cases cited by the Trustee are distinguishable, there is no support in the statute or controlling case law for the Trustee's objection and the objection is based on speculation. Debtors are entitled to propose their Chapter 13 plan on their terms, including the revesting of the Property in Chapter 13 after confirmation.

If the Property is sold during the Chapter 13 case and scenario eight above is realized where the Debtors spend the excess sale proceeds above the Homestead Exemption, there are protections for creditors if the case is converted to Chapter 7. 11 U.S.C. Section 348(f)(2) provides property of the estate in the converted case is the property on the date of conversion if the conversion is in bad faith. 11 U.S.C. Section 727(a)(5) provides the debtor will not receive a discharge if the debtor fails to explain a loss of assets to meet liabilities. Finally, 11 U.S.C. § 707(b) provides for dismissal of Chapter 7 cases in which the granting of relief would be an abuse of the provisions of Chapter 7.

## CONCLUSION

The Court is bound by the Tenth Circuit's adoption of the estate termination approach and debtors in this District are entitled to revestment of property of the estate in every Chapter 13 case if they desire.

IT IS ORDERED the Court finds that 11 U.S.C. § 1325 is satisfied, the Plan is confirmed, and the Court will enter the standard form confirmation order used in this District proposed by Debtors.

Dated this 27th day of September, 2018.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge